IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| TONY BARRERAZ | § | No. 7:15-CV-193-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| DENNIS ENERGY SERVICES, INC. | § | |
| and DANIEL B. DENNIS | § | |
| | § | |
| Defendants. | § | |

ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Defendants Dennis Energy Services, Inc. and Daniel B. Dennis (collectively "Defendants"). (Dkt. # 16.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memoranda filed in support of and in opposition to the Motion, the Court, for the reasons that follow, **DENIES** Defendants' Motion to Dismiss (Dkt. # 6).

BACKGROUND

Dennis Energy Services, Inc. ("Dennis Energy") is a Texas corporation that manufactures and distributes drilling beads. ("Compl.," Dkt. # 1 ¶¶ 3-4.) Daniel Dennis is a resident of Texas and is the managing agent of Dennis

Energy. (Id. ¶ 5.) Plaintiff alleges that Dennis Energy employed him as a driver from August 11, 2014 through September 8, 2015. (Id. ¶ 7−8.) Plaintiff further alleges that Defendants paid him a "flat salary of $2,000 per month for approximately a 70 to 78 hour workweek thereby violating both the minimum wage and overtime provisions of the [Fair Labor Standards Act ("FLSA")]." (Id. ¶ 9.) Lastly, Plaintiff asserts that he has "accrued damages of approximately $20,273.82." (Id. ¶ 8.)

On November 12, 2015, Plaintiff filed suit against Defendants for unpaid minimum wage and overtime compensation under the FLSA, 29 U.S.C. §§ 206, 207, and 216(b). On July 15, 2016, Defendants filed a Motion to Dismiss. (Dkt. # 16.) On July 29, 2016, Plaintiff filed a Response (Dkt. # 18.), which was followed by Defendants' August 4, 2016 Reply (Dkt. # 19.)

## LEGAL STANDARDS

I.      Motion to Dismiss for Lack of Subject Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). The plaintiff, as the party asserting jurisdiction, bears the burden of proving that subject matter

jurisdiction exists. Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).

If the defendant submits no evidentiary materials with its 12(b)(1) motion, the trial court looks to the sufficiency of the allegations in the complaint, which are assumed to be true. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981); see also Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc., 778 F.3d 502, 504 (5th Cir. 2015) (distinguishing a "facial" attack on a court's subject matter jurisdiction from a "factual" attack made on the basis of affidavits or other evidentiary materials). If the defendant submits affidavits, testimony, or other evidentiary materials, the court may consider and resolve disputes of fact, and the plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence. Superior MRI, 778 F.3d at 504; Greenstein, 691 F.3d at 714.

II.   Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d

3

191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

Defendants have moved to dismiss this case on two grounds: (1) that the Court lacks subject-matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies; and (2) for failure to state a claim under the doctrines of res judicata and collateral estoppel.  (Dkt. # 16 ¶¶ 1.01−1.02.)

I.      Motion to Dismiss for Lack of Subject Matter Jurisdiction

Since Defendants seek dismissal both because they claim the Court lacks subject matter jurisdiction, and because they allege Plaintiff fails to state a claim, the Court must first consider the Rule 12(b)(1) jurisdictional attack.  Ramming v. United States, 281 F. 3d 158, 161 (5th Cir. 2001).  "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice."  Id.  Defendant argues that the Court should dismiss Plaintiff's case because he did not exhaust his administrative remedies.  (Dkt. # 16 ¶ 1.01.)

Before filing the present lawsuit, Plaintiff initiated "a Wage Claim for the recovery of unpaid overtime with the Texas Workforce Commission [("TWC")]," pursuant to the Texas Payday Law, Tex. Labor Code § 61.051. (Dkt. # 16 ¶ 3.02.) Plaintiff initiated this lawsuit while the Wage Claim remained pending before the TWC. (Id. at 3.) On January 29, 2016, the TWC issued a Preliminary Wage Determination Order dismissing Plaintiff's Wage Claim, finding that he was not entitled to $25,000 for unpaid overtime. (Id. ¶ 3.05) On February 19, 2016, the Preliminary Wage Determination Order became final, because Plaintiff failed to request a hearing or otherwise appeal.[1] (Id. ¶ 3.07.)

Defendants correctly assert that Plaintiff would need to exhaust his TWC administrative remedies before appealing his wage claim in the Texas courts. Tex. Labor Code § 61.062(a). However, no such requirement applies to the FLSA claims Plaintiff has asserted in this case. The FLSA does not provide for an administrative review process, and does not require exhaustion of administrative remedies before a plaintiff may file a claim in federal court. It is axiomatic that the

---

[1] Section 61.055 of the Texas Labor Code states:

> If neither party requests a hearing to appeal a preliminary wage determination order within the period prescribed by Section 61.054, the order becomes the final order of the commission for all purposes, and neither party is entitled to judicial review of the order under this subchapter.

5

FLSA arises under federal law whereas the Texas Payday Law arises under state law.  The two statutory authorities are mutually exclusive because they were enacted by separate sovereigns.

The case law cited by Defendants in support of their Rule 12(b)(1) argument only discuss judicial review of a party's state-law wage claim, and do not involve the party's assertion of a new cause of action under federal law.  See Hull v. Davis, 211 S.W.3d 461 (Tex. App. 2006); see also Fields v. Phillips Sch. of Bus. and Tech., 870 F. Supp. 149 (W.D. Tex. 1994), aff'd 59 F.3d 1242 (5th Cir. 1995).  Accordingly, Defendants' subject-matter jurisdictional attack lacks merit.

II.     Motion to Dismiss for Failure to State a Claim

Defendants next contend that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff's FLSA claims are barred by res judicata and/or collateral estoppel. (Dkt. # 16, at 6, 10.)

To state a prima facie claim for relief pursuant to the FLSA's maximum hours requirements, a plaintiff must state that he or she was or is (1) employed by the defendant; (2) engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce; (3) worked a workweek in excess of forty hours; and (4) received compensation less than one and one-half times the regular rate at which he or she is employed.  29 U.S.C. § 207(a)(1).  Additionally, to state

a claim for relief under the FLSA's minimum wage requirements, a plaintiff engaged in interstate commerce must show that he was paid "less than . . . $7.25 an hour." 29 U.S.C. 206(a)(1).

Plaintiff alleges that he worked as a driver for Defendants, and contends that he worked in interstate commerce because Defendants' "employees handled, sold, or otherwise worked on goods or materials and handled tools and equipment that have been moved in or produced for such commerce." (Compl. ¶¶ 4, 5, 7.) Plaintiff further alleges that he was paid a flat salary of $2,000 per month for workweeks ranging from 70 to 78 hours. (Id. ¶ 9.) Lastly, Plaintiff asserts that "[d]uring Plaintiff's employment (specifically from about 8/11/2014 to 9/8/2015), Plaintiff accrued damages of approximately $20,273.82." (Id.) As a result, Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, namely that Defendants violated the minimum wage and overtime compensation requirements of the FLSA.

Defendants argue that Plaintiff has failed to state a claim because the final TWC order precludes his FLSA claims under the doctrines of res judicata and/or collateral estoppel. (Dkt. # 16 ¶ 1.03, 5.06−5.24.) "Generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." De Shazo v. Nations Energy Co., No. H-05-3277, 2006 WL 2729289, at *1 (S.D. Tex. Sept. 25, 2006) (quoting Test Masters Educational

7

Servs., Inc. v. Singh, 428 F.3d 559, 570. n.9 (5th Cir. 2005).  However, in limited circumstances, an affirmative defense like res judicata may be disposed of under Rule 12(b)(6) "if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue."  Id. (quoting Larter & Sons v. Dinkler Hotels Co., 199 F.2d 854, 854 (5th Cir. 1952)).  Nevertheless, Defendants have cited no case to support the proposition that a state administrative decision disposing of a state law claim can preclude a federal court from considering an FLSA claim at the 12(b)(6) stage.  Further, the Court's independent research found no precedent nor legal reason why a state administrative decision disposing of a state law claim could have preclusive effect on a federal claim at the motion to dismiss stage.

Additionally, res judicata does not preclude Plaintiff's FLSA claims, because the TWC does not have jurisdiction to hear FLSA claims, and thus Plaintiff's current FLSA claims could not have been litigated before the TWC.[2]  See Thakkar v. Balasuriya, No. H-09-0841, 2009 WL 2996727, at *6 (S.D. Tex. Sept. 9, 2009).  Nevertheless, the Southern District of Texas found that at summary judgment, collateral estoppel could be used to preclude an employee's FLSA claim

---

[2] To established res judicata the defendant must prove: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action."  Thakkar, 2009 WL 2996727 at 6 (emphasis added).

for overtime compensation because "the TWC's findings that [plaintiff] did not work any overtime hours and was paid for all the hours he worked are . . . fatal to the FLSA claims that [plaintiff] has alleged in the instant action."[3] Id. at 8. Indeed, where a previous agency decision determined a fully litigated fact, such a decision could show that there is no genuine dispute of a material fact at summary judgment. As a result, Defendants' collateral estoppel argument is more appropriate at the summary judgment stage, when the record has been further developed.

Accordingly, Plaintiff has stated a claim upon which this Court could grant relief.

## CONCLUSION

For the reasons explained, this Court **DENIES** Defendants' Motion (Dkt. # 16).

**IT IS SO ORDERED**

**DATED:** Midland, Texas, August, 19, 2016.

DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

---

[3] "The following elements are necessary to establish collateral estoppel: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." Thakkar, 2009 WL 2996727 at 7.